UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:25-cv-00319-DAD-EFB (HC) |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EDWARD J. SILVA,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

Petitioner has filed several motions seeking a court order preventing his transfer from county jail to state prison. ECF Nos. 6, 7, 9. Since the filing of these motions, petitioner has been transferred to state prison. These motions must be denied, as a habeas petitioner has no right

---

[1] The Sacramento County Sheriff was previously named as the respondent. Petitioner has requested to substitute as the defendant Edward J. Silva, who is currently the warden of the Substance Abuse Treatment Facility, Corcoran, where petitioner is incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court grants petitioner's motion to substitute Silva as respondent. ECF No. 12.

1

1  to be housed in a particular prison.  *Carter v. Lambert*, 52 Fed. Appx. 64, 64-65 (9th Cir. 2002);

2  *Thornton v. Butler*, No. CIV S-03-0755 MCE DAD P, 2008 U.S. Dist. LEXIS 116472, at *4

3  (E.D. Cal. Dec. 18, 2008).

4        Since petitioner may be entitled to relief if the claimed violations of constitutional rights

5  are proved, respondent will be directed to file a response to petitioner's habeas petition.

6        In accordance with the above, IT IS HEREBY ORDERED that:

7      1.  Petitioner's motions to proceed in forma pauperis (ECF Nos. 2, 8, 10) are granted;

8      2.  Petitioner's motions to substitute Silva as respondent (ECF No. 12) is granted;

9      3.  Respondent is directed to file a response to petitioner's habeas petition within sixty

10        days from the date of this order.  *See* Rule 4, 28 U.S.C. foll. § 2254.  An answer shall

11        be accompanied by all transcripts and other documents relevant to the issues presented

12        in the petition (*see* Rule 5, 28 U.S.C. foll. § 2254);

13     4.  If the response to the habeas petition is an answer, petitioner's reply, if any, shall be

14        filed and served within thirty days after service of the answer;

15     5.  If the response to the habeas petition is a motion, petitioner's opposition or statement

16        of non-opposition to the motion shall be filed and served within thirty days after

17        service of the motion, and respondent's reply, if any, shall be filed and served within

18        fourteen days thereafter; and

19     6.  The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed

20        Before a United States Magistrate Judge, and a copy of the petition for writ of habeas

21        corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney

22        General.

23       It is further RECOMMENDED that petitioner's motions to "stay" his transfer to state

24 prison (ECF Nos. 6, 7, 9) be DENIED.

25       These findings and recommendations are submitted to the United States District Judge

26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27 after being served with these findings and recommendations, any party may file written

28 objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE