UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>    Petitioner,<br><br>    v.<br><br>EDWARD SILVA,<br><br>    Respondent. | No. 2:25-cv-00319-DAD-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTIONS TO STAY HIS TRANSFER TO STATE PRISON<br><br>(Doc. Nos. 6, 7, 9, 14) |

Petitioner Ronald Eugene James is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's various motions to stay his transfer to state prison[1] be denied.

---

[1] The first two such motions filed by petitioner were characterized by him as motions for stay and abeyance. (*See* Doc. Nos. 6, 7.) However, none of petitioner's pending motions for stay request that his pending petition be stayed and held in abeyance pending exhaustion of his claims under the decisions in either *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Rather, in all three of his motions petitioner asks that his transfer from the Sacramento County Jail to a California State Prison institution be stayed pending resolution of his pending federal habeas petition. (*See* Doc. Nos. 6, 7, 9.)

1

(Doc. No. 14.) Specifically, the magistrate judge correctly noted that a petitioner for federal habeas relief, such as petitioner here, has no right to be housed at any particular institution during the pendency of the habeas proceedings. (*Id.* at 1–2.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2–3.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations filed August 7, 2025 (Doc. No. 14) are ADOPTED IN FULL;

2. Plaintiff's motions to "stay" his transfer to state prison (Doc. Nos. 6, 7, and 9) are DENIED; and

3. The matter is REFERRED back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **September 15, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] On September 9, 2025, petitioner filed a request that the court order CDCR to provide him with the name of the Warden of the California Substance Abuse Treatment Facility where he is currently incarcerated. (Doc. No. 18.) That filing is not directed at petitioner's motions for stay of his transfer to state prison or the August 7, 2025 findings and recommendations.