UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RAUL MORALES, Warden,<br><br>　　　　　Respondent. | No. 2:25-cv-00319-DAD-EFB (HC)<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Currently before the court is petitioner's motion for a preliminary injunction. ECF No. 21. Specifically, petitioner moves to enjoin the California Department of Corrections and Rehabilitation (CDCR) from allegedly withholding his correspondence, opening his confidential correspondence, discarding his discovery, and discriminating against him due to his disability. For the following reasons, it is recommended that petitioner's motion be DENIED.

**I.    Legal Standard**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Aute Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

////

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir.1984); *Gon v. First State Ins. Co.,* 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a very far-reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir.1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.,* 868 F.2d 1085, 1087 (9th Cir.1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor. *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 917 (9th Cir.2003) (en banc) (internal quotation marks and citations omitted). "The irreducible minimum . . . is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.,* 686 F.2d 750, 753 (9th Cir.1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 990 (9th Cir. 2006).

If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists,* 584 F.2d 308, 315 (9th Cir.1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir.1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.,* 7 F.3d 1399, 1403 (9th Cir.1993).

**II.    Analysis**

Petitioner has not adequately addressed the standards for preliminary injunctive relief. *See, e.g.*, *Shelley,* 344 F.3d at 918. His motion cites a number of actions allegedly taken by the

CDCR, which is not a party to this lawsuit,[1] and seeks to enjoin CDCR's alleged interference with correspondence and discrimination based on disability. He has not explained how the request relates to his underlying petition for writ of habeas corpus alleging constitutional violations underlying petitioner's criminal convictions. ECF No. 1. Given the disconnect, he has not shown a probability of success on the merits in the present case or even how the order he seeks is relevant to the merits of this petition for a writ of habeas corpus. Accordingly, petitioner has not met this fundamental threshold for obtaining a preliminary injunction. Therefore, his motion for a preliminary injunction should be denied without prejudice to petitioner's litigation of those unrelated issues in a civil rights action for retaliation and/or denial of access to courts. *Jacobo-Arizaga v. Thompson*, No. 2:21-cv-01864-KJM-EFB P, 2022 U.S. Dist. LEXIS 19346, at *1 (E.D. Cal. Feb. 2, 2022).

### III. Recommendations

For the foregoing reasons, it is RECOMMENDED that:

1) Petitioner's motion for a preliminary injunction (ECF No. 21) be DENIED;
2) Petitioner be ordered to file an opposition or a notice of non-opposition to respondent's motion to dismiss (ECF No. 24) within fifteen days of the date of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[1] Petitioner has not shown a basis for enjoining CDCR, a non-party to this action. *See, e.g.*, *Citizens Alert Regarding the Environment v. U.S.E.P.A.*, 259 F. Supp. 2d 9, 17 fn. 7 (holding that a district court is "powerless to issue an injunction" against a non-party).

event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 28, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE